IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KONRAD SLAGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MNALAN TRUCKING CORP. and | ) |
| MARIUS PIETRASZ, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, KONRAD SLAGA, by and through his attorneys, brings this action seeking relief damages for violations of the federal Fair Labor Standards Act ("FLSA") and the Illinois Wage Payment and Collection Act ("IWPCA") against Defendants, MNALAN TRUCKING CORP. (Mnalan) and MARIUS PIETRASZ (Pietrasz).

## PARTIES

1. Plaintiff Konrad Slaga demands a jury and is a natural person and resident of the State of Illinois. Plaintiff is a covered employee under the FLSA.

2. Defendant Mnalan Trucking corp. is an Illinois corporation with a principal place of business in Wooddale, Illinois. Marius Pietrasz is an individual residing in Illinois. Defendants are covered employers under the FLSA.

3. Defendant is engaged in interstate commerce as evidenced by the fact that it is is an active carrier operating under USDOT Number 1724611.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 because it is a civil action arising under the laws of the United States, namely 23

U.S.C. Chapter 8, *et seq.*. Supplementary jurisdiction exists over Plaintiff's state law claim because it arises out of the same transaction or occurrence as Plaintiff's federal claim.

5. Personal jurisdiction and venue are proper in this District because Defendants' residence and principal place of business is in this District and the facts that gave rise to Plaintiff's claims occurred in this District.

## CAUSE OF ACTION

6. Plaintiff was employed by Defendants in December of 2016.

7. Defendants misclassified Plaintiff as an independent contractor.

8. Plaintiff was an employee of Defendants.

9. Defendant Mnalan owns the truck driven by Plaintiff. He did not lease the truck from Defendant.

10. Defendant Mnalan performed maintenance on trucks driven by Plaintiff.

11. Defendant Mnalan and Defendant Pietrasz sets Plaintiffs schedule.

12. Defendants required Plaintiff to work five or six days.

13. Defendants scheduled pickup and delivery of Plaintiff's loads.

14. Defendants instructed Plaintiff on how to deliver loads.

15. Defendants monitored the truck driven by Plaintiff by GPS.

16. Defendants prohibited Plaintiff from having a passenger.

17. Defendants prohibited Plaintiff from taking any loads for another company.

18. Defendants prohibited Plaintiff from hiring others to drive routes.

19. Defendant Pietrasz exercised operational control over Defendant Mnalan and Plaintiff by setting schedules, directing loads and routes, monitoring trucks,

and setting rules for Plaintiff and other drivers.

20. Defendant Pietrasz had the power to hire and fire the employees.

21. Defendant Pietrasz supervised and controlled employee work schedules and conditions of employment.

22. Defendant Pietrasz determined the rate and method of payment of Plaintiff.

23. Defendant Pietrasz is owner of Defendant Mnalana.

24. Defendant Pietrasz is President of Defendant Mnalan.

25. Defenant Pietrasz insisted on classifying Plaintiff as an independent contractors thus depriving Plaintiff of the benefits of employee status, including payment of a minimum wages.

26. Plaintiff's contracted rate of pay was $20 per hour.

27. Plaintiff worked 74 and one quarter hours between December 18, 2016 and December 31, 2016 and was not paid.

28. Defendants owe $1,485 in unpaid wages.

29. Plaintiff has not received payment of these earned wages, and Defendants have refused to pay.

30. At all times relevant to this Complaint, Plaintiff was an employee covered by both the federal Fair Labor Standards Act and the Illinois Wage Payment and Collection Act.

### FIRST CLAIM FOR RELIEF:

### Violation of the Fair Labor Standards Act

31. Plaintiff incorporates paragraphs 1-30 into this Count.

32. Under the provisions of 29 U.S.C. § 206 (a) (1) states "... an employer must

pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

33. While employed by the Defendants, Plaintiff worked 74 and one quarter hors and was paid no wages and this no minimum wage.

34. Among other ways, the defendants violated the FLSA by failing to pay the minimum wage work in December of 2016.

## SECOND CLAIM FOR RELIEF:

### Violation of the Illinois Wage Payment and Collection Act

35. Plaintiff incorporates paragraphs 1-30 into this Count.

36. Under the IWPCA, 820 ILCS 115/5, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

37. Defendant failed to pay final compensation to Plaintiff.

38. Under the IWPCA, 820 ILCS 115/14), "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such

underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

39. Plaintiff seeks remedies under the IWPCA for non-payment of final compensation.

## **PRAYER FOR RELIEF**

A. Enter judgment for Plaintiff against Defendants;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages of $1,485.00.

C. Award Plaintiff $538.31 in liquidated damages under the FLSA;

D. Award statutory penalties as allowed by the IWPCA;

E. Award Plaintiff reasonable attorneys' fees and costs of suit; and

F. Any other relief the Court deems just.

RESPECTFULLY SUBMITTED,


\_\_/s/ Mark T. Lavery_____
One of Plaintiff's Attorneys

Mark T. Lavery
Langone, Batson & Lavery LLC
17 N. Wabash, Suite 500
Chicago, IL 60602
312-344-1945
mlavery@langonebatson.com